2002 UT 76

**CHECKRITE RECOVERY SERVICES, Plaintiff and Appellant,**

v.

**Deborah M. KING, Defendant and Appellee.**

**No. 20010006.**

Supreme Court of Utah.

July 30, 2002.

---

Richard H. Deloney, C. Douglas McCallon, Midvale, for plaintiff.

David A. Greenwood, Evan S. Strassberg, Salt Lake City, for amicus Van Cott, Bagley, Cornwall & McCarthy.

HOWE, Justice:

¶ 1 Plaintiff Checkrite Recovery Services appeals from a default judgment that it was awarded against defendant Deborah M. King for $245.04 representing the principal amount of nine checks which she wrote to different payees, but which checks were dishonored upon presentment. The judgment also included $735.12 in damages, $76 in costs of court, and $150 in reasonable attorney fees. The trial court, however, refused to include in the judgment costs of collection incurred by plaintiff in the amount of

$180.72, which breaks down to nine checks at $20.08 per check.

¶ 2 The sole issue presented by this appeal is the meaning of "all costs of collection, including all court costs and reasonable attorneys' fees," which are recoverable under Utah Code Ann. § 7–15–1(7)(b)(iii) (2001) in a suit against the issuer of a dishonored check.

¶ 3 In order to resolve this issue, it is helpful to examine the entire statutory scheme contained in section 7–15–1 which provides for the civil liability of issuers of dishonored checks. An examination of the specific provisions of the statute discloses the following:

(a) During the first 15 days after notice is given to the issuer of a dishonored check, the holder or his agent may demand the amount of the check, plus a $20 service charge.

§ 7–15–1(2)(b).

(b) After fifteen days and up to thirty days after notice, the holder or his agent may demand the amount of the check, the $20 service charge, and collection costs not exceeding $20.

§ 7–15–1(4).

(c) After thirty days, the holder or his agent may offer not to file a civil action and may demand the amount of the check, the $20 service charge, collection costs not exceeding $20, and the greater of $50 or triple the check amount, which amount may not exceed the check amount plus $250; and if the holder or his agent retains an attorney, reasonable attorneys' fees not to exceed $50.

§ 7–15–1(6)(a).

(d) If the holder of the check brings suit and prevails, he may recover the amount of the check, interest, all costs of collection, including all court costs and reasonable attorneys' fees, and damages equal to the greater of $100 or triple the amount of the check not to exceed the check amount plus $500 dollars.

§ 7–15–1(7)(b). ·

¶ 4 The trial judge in the instant case, following a policy set by some of the judges of the third district court, refused to include in plaintiff's judgment against defendant any costs of collection and restricted the costs recoverable by plaintiff to costs of court of $76.

¶ 5 It is readily evident that the statutory scheme provides for an escalation of recoverable amounts as time elapses without payment of the dishonored check and as additional steps are taken to recover the check amount. During the first fifteen days after notice of the dishonored check, the only additional amount recoverable is a $20 service charge. After fifteen days, and up to thirty days after notice, the $20 service charge and collection costs not exceeding $20 may be additionally recovered. After thirty days, but before a civil action is filed, the $20 service charge, collection costs not exceeding $20, the greater of $50 or triple the check amount, but not to exceed the amount of the check plus $250, and if an attorney has been retained, attorneys' fees not to exceed $50 are recoverable. Finally, if suit is brought, the holder of the check may recover the amount of the check, interest, damages equal to the greater of $100 or triple the check amount, but not to exceed the check amounts plus $500 and "all costs of collection, including all court costs and reasonable attorneys' fees."

¶ 6 It is to be noted that when suit is brought, the $20 service charge can no longer be recovered nor "collection costs not to exceed $20." Therefore, we are persuaded that "all costs of collection, including all court costs and reasonable attorneys' fees" must, indeed, include more than court costs and must include costs of collection which are no longer limited to $20. It would be anomalous to construe the statutory scheme to allow recovery of collection costs early in the collection process, but deny recovery of them when a civil action is necessitated with its attendant increase in time devoted to the collection effort. The "damages" which are recoverable in a civil action do not include any costs of collection. Damages are expressly required to be paid to and become the property of the original payee of the check who is prohibited from contracting for anyone else to receive any part of the damages. § 7–15–(7)(d)(iii).

¶ 7 There is an additional reason why "all costs of collection, including all court costs," are not limited to court costs. In *Cherry Creek School District v. Voelker*, 859 P.2d 805, 813 (Colo.1993), the Colorado Supreme Court held that "a statutory definition of a term as 'including' certain things does not restrict the meaning to those items included" (citing 73 Am.Jur.2d *Statutes* § 212, at 406 (1974)). "Rather," continued the court, "the word 'include' is ordinarily used as a word of extension or enlargement." This rule of construction is widely employed by courts in this country as evidenced by numerous cases cited in *Words and Phrases*, Vol. 20A, 152 (construing the word "including" as being a word of enlargement and not of limitation). *See Bd. of County Comm'rs v. Bassett*, 8 P.3d 1079, 1083 (Wyo.2000) (stating that "includes" implies the conclusion that there are other items includable, though not specifically enumerated).

## CONCLUSION

¶ 8 We conclude that section 7–15–1(7)(b)(iii), which provides for the recovery in a civil action on a dishonored check for "all costs of collection, including court costs and reasonable attorneys' fees," includes costs of collection in addition to any court costs. The judgment appealed from is reversed, and the case is remanded to the trial court with instructions to amend the judgment to include costs of collection incurred by plaintiff in addition to all court costs.

¶ 9 Chief Justice DURHAM, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.

¶ 10 Having disqualified himself, Associate Chief Justice DURRANT does not participate herein.